UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

HARVEY PRESTON,

        Plaintiff,

v.

DALE BONN et al.,

        Defendants.
_____/

Case No. 1:25-cv-389

Hon. Hala Y. Jarbou

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff initiated this action on March 31, 2025, by filing his complaint in the United States District Court for the Eastern District of Michigan. (ECF No. 1.) In an order (ECF No. 5) entered on April 8, 2025, the Eastern District transferred the action to this Court for further proceedings.

Plaintiff has filed a motion for leave to proceed *in forma pauperis*. (ECF No. 2.) However, Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).

Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma*

*pauperis*.¹ Accordingly, for the reasons set forth below, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

---

¹ The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the miscellaneous administrative fee "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

2

which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

In at least three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Preston v. White*, No. 2:03-cv-249 (W.D. Mich. Jan. 7, 2004); *Preston v. Duney*, No. 2:03-cv-253 (W.D. Mich. Jan. 6, 2004); *Preston v. Burch*, No. 1:03-cv-581 (W.D. Mich. Dec. 5, 2003). In addition, the Court previously has denied Plaintiff leave to proceed *in forma pauperis* under the three-strikes rule. *See Preston v. Bonn et al.*, No. 1:25-cv-29 (W.D. Mich. Mar. 7, 2025); *Preston v. Hoffman et al.*, No. 2:24-cv-179 (W.D. Mich. Nov. 22, 2024); *Preston v. Bonn et al.*, No. 1:24-cv-588 (W.D. Mich. July 2, 2024); *Preston v. Davids*, No. 1:24-cv-416 (W.D. Mich. May 7, 2024); *Preston v. Rewerts et al.*, No. 1:24-cv-304 (W.D. Mich. Apr. 25, 2024); *Preston v. Russell*, No. 1:21-cv-312 (W.D. Mich. Apr. 29, 2021); *Preston v. Davids*, No. 1:18-cv-803 (W.D. Mich. Aug. 8, 2018); *Preston v. Smith et al.*, No. 1:18-cv-84 (W.D. Mich. Feb. 2, 2018); *Preston v. U.P. Health Sys. et al.*, No. 2:16-cv-201 (W.D. Mich. Sept. 30, 2016).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical

3

injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).

In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is currently incarcerated at the Ionia Correctional Facility (ICF) and sues the following ICF personnel: Warden Dale Bonn; Assistant Deputy Wardens Janna Garcia, Sabrina Davis Jones, and Dennis Cassel; Doctor Leoncie Mukarurinda, Prison Counselor Trent M. Hegnesbach, Registered Nurses Deobrah Jones, Alicia Page Nixon, Rueben Babbitt, and Unknown Wyatt; Resident Unit Manager Jeffrey Luther; Corrections Officers Unknown Richardson, Unknown Toogood, Unknown Gaupo, and Unknown Bantigar; Classification Director Casey Chaney; and Recreational Director S. Eaton.

Plaintiff's factual allegations are scant. He contends that Defendants Toogood, Richardson, Gaudo, and Bantigar have poisoned his food on several occasions. (Compl., ECF No. 1, PageID.9.) Plaintiff alleges that the "poisonous food has cause[d] sleep deprivation [because] the twitching in [Plaintiff's] tongue prevents [him] from sleeping." (*Id.*)

Plaintiff next mentions that non-party Officer Kaliszewski entered Plaintiff's unit while Plaintiff was using the JPay machine and said, "I shook your cell down and soon you will be offed." (*Id.*)

Plaintiff goes on to state that Defendnats Mukarurinda, Nixon, Babbitt, Wyatt, and Jones have all denied Plaintiff medical care. (*Id.*) Plaintiff has not been classified by Defendant Chaney. (*Id.*) Plaintiff has been discriminated against by Defendant Eaton. (*Id.*) He has been denied dental care. (*Id.*) Plaintiff has a toothache and his request for a "mechanical soft diet food tray" has been denied. (*Id.*) Plaintiff has also been denied optometry services. (*Id.*) He states that his eyes are watery and that the light hurts his eyes. (*Id.*)

Plaintiff has sent kites and grievances about these issues to Defendants Bonn, Garcia, Cassell, Jones, Luther, and Hegnesbach, to no avail. (*Id.*)

The Court concludes that Plaintiff has failed to allege any facts which support a finding that he was in imminent danger at the time he filed this lawsuit. First, Plaintiff's allegation regarding the lack of classification, the shakedown of his cell, and the alleged discrimination fail to rise to the level of imminent danger. Furthermore, Plaintiff's claims regarding the denial of various medical services are wholly conclusory. He fails to identify any individual action taken by any individual Defendant to deprive him of care. Furthermore, "[a] physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm. Minor harms or fleeting discomfort don't count." *Gresham v. Meden*, 938 F.3d 847, 850

(6th Cir. 2019). Plaintiff's conclusory allegations regarding his various ailments do not rise to this level, as Plaintiff's complaint is wholly devoid of any allegations from which the Court could infer that he is facing severe bodily harm as a result of those conditions.

Moreover, Plaintiff's assertion that non-party Officer Kaliszewski threatened that Plaintiff would soon be "offed" fails to demonstrate that Plaintiff is in imminent danger of serious physical injury. With respect to an alleged threat, the allegations "'must be sufficient to allow a court to draw reasonable inferences' that the threat is 'real and proximate' and that the 'danger of serious physical injury' exists." *Jackson v. Bolton*, No. 23-1701, 2024 WL 314530 at *2 (6th Cir. Jan. 24, 2024) (quoting *Vandiver*, 727 F.3d at 585). In *Jackson*, the Sixth Circuit concluded that Jackson had sufficiently alleged that a threat to kill him if he pursued lawsuits set forth imminent danger of serious physical harm because Jackson had alleged that he found a razor blade in a biscuit, and also because his "allegations were specific as to the person who made the threat, the content of the threat, and the date, time, and place that the threat occurred." *Id.* Here, while Plaintiff alleges that Officer Kaliszewski made the threat on March 18, 2025, while Plaintiff was using the JPay machine in his housing unit's dayroom, Plaintiff's complaint is devoid of any allegations suggesting that Officer Kaliszewski took any action to carry out that threat. And, notably, Plaintiff has not even named Officer Kaliszewski as a Defendant in this action.

Finally, Plaintiff's assertions that various Defendants have poisoned his food fail to demonstrate that he is in imminent danger of serious physical injury. Plaintiff has routinely made similar allegations about officials at different prisons, beginning as early as 2003, which this Court held were inadequate to state a claim because they were conclusory. *See Preston v. Duney*, No. 2:03-cv-253 (W.D. Mich. Jan. 6, 2004) (dismissing for failure to state a claim Plaintiff's complaint that the defendant must have tampered with his meal at the Marquette Branch Prison because he

6

felt an immediate throbbing on both sides of his neck after the defendant gave him his food tray); *Preston v. Burch*, No. 1:03-cv-581 (W.D. Mich.) (attaching grievances alleging Oaks Correctional Facility personnel poisoned his food on numerous occasions); *see also Preston v. U.P. Health Sys. et al.*, No. 2:16-cv-201 (W.D. Mich.) (alleging that health services ignored his conclusory complaints that personnel at the Marquette Branch Prison poisoned his food on many occasions, causing him head and chest pain). Likewise, this Court has previously denied leave to proceed *in forma pauperis* under the imminent-danger exception based on nearly identical, wholly conclusory allegations that different defendants at ICF poisoned his food in December 2017, again in 2024, and again in early 2025. *See Preston v. Bonn et al.*, No. 1:25-cv-29; *Preston v. Hoffman et al.*, No. 1:24-cv-588; *Preston v. Davids*, No. 1:24-cv-416; *Preston v. Rewerts et al.*, No. 1:24-cv-304; *Preston v. Smith et al.*, No. 1:18-cv-84.

In this case, also, Plaintiff states the conclusion that he has been poisoned. Nonetheless, other than the allegation that he suffers tongue twitching that deprives him of sleep, he alleges no facts that support the inference that any Defendant has tampered with his food. Moreover, Plaintiff makes no factual allegations to support the inferential leap that his twitching tongue at night was caused by the food he ate during the day. Under these circumstances, Plaintiff's conclusory allegations fail to contain sufficient facts to demonstrate that he is in imminent danger of serious physical injury from consuming allegedly poisonous food.

Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in*

*forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

## Conclusion

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma pauperis*. The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[2]

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the $605.00 appellate filing fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.


Dated: August 28, 2025                    /s/ Hala Y. Jarbou
                                          HALA Y. JARBOU
                                          CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.